Lonnie J. Ryan Jr.
1301 K264 HWY
Larned Kansas 67550

Telephone:   (620) 285-4660 ext. 4



FILED
SEP 06 2024
Clerk, U.S. District Court
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Lonnie J. Ryan Jr.**, Plaintiff<br><br>v.<br><br>**State of Kansas, David Davies, Laura Howard, Dr. Christine Mohr, Todd Mantel, Seth Osborn, Progress Review Panel, Gary House, Honorable Roger L. Gossard, Jane & John Does,**<br>Defendants. | Case No.  24-3154-JWL<br>(To be supplied by the Clerk)<br><br><br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C.<br>§ 1983 |

### A.   JURISDICTION

1)   Lonnie J. Ryan Jr., is a citizen of Kansas who presently resides at 1301 K264 HWY, Larned Kansas 67550, in the Sexual Predator Treatment Program located on the campus of the Larned State Hospital.

2)   Defendant State of Kansas is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

> The state of Kansas and all actors involved were acting in accords with State law under the Kansas Sexually Violent Predator Act.

3)   Defendant David Davies is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

1

David Davies, an assistant attorney general, was acting on behalf of the State of Kansas as its attorney and moved to confine Mr. Ryan for a rule violation. The only power wielded by Mr. Davies was that granted to him pursuant to the KSVPA.

4) Defendant Laura Howard is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

Laura Howard, Secretary of KDADS and custodian of those confined under the KSVPA, was acting on behalf of the State of Kansas and has confined Mr. Ryan for a rule violation. The only power wielded by Mrs. Howard was that granted to her pursuant to the KSVPA.

5) Defendant Dr. Christine Mohr is a citizen of Colorado but works in Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

Dr. Christine Mohr, Clinical director of the facility under the KSVPA, was acting on behalf of the State of Kansas, at the direction of Laura Howard, and has confined Mr. Ryan for a rule violation. The only power wielded by Dr. Mohr was that granted to her pursuant to the KSVPA by and through Laura Howard.

6) Defendant Todd Mantel is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

Todd Mantel, Conditional Release Monitor under the KSVPA, was acting on behalf of the State of Kansas, at the direction of Laura Howard, and has confined Mr. Ryan for a rule violation. The only power wielded by Mr. Mantel was that granted to him pursuant to the KSVPA by and through Laura Howard.

7) Defendant Seth Osborn is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

Seth Osborn, therapist under the KSVPA, was acting on behalf of the State of Kansas, at the direction of Laura Howard, and has confined Mr. Ryan for a rule violation. The only power wielded by Mr. Osborn was that granted to him pursuant to the KSVPA by and through Laura Howard.

8) Defendant Progress Review Panel is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

   Progress Review Panel, statutory entity under the KSVPA, was acting on behalf of the State of Kansas, at the direction of Laura Howard, and has confined Mr. Ryan for a rule violation. The only power wielded by the PRP was that granted to them pursuant to the KSVPA by and through Laura Howard. These are the Jane and John Does to be identified at a later date.

9) Defendant Gary House is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

   Gary House, Licensed Attorney under the KSVPA, was acting on behalf of the Lonnie J. Ryan Jr., at the direction of Honorable Roger L Gossard, and has participated in the confinement of Mr. Ryan for a rule violation. The only power wielded by Mr. House was that granted to him pursuant to the KSVPA by and through Honorable Roger L. Gossard.

10) Defendant Honorable Roger L. Gossard is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

    Honorable Roger L. Gossard, District Court Judge under the KSVPA, was acting on behalf of the State of Kansas, at the direction of the KSVPA, and has confined Mr. Ryan for a rule violation. The only power wielded by Honorable Roger L. Gossard was that granted to him pursuant to the KSVPA.

11) Defendant John and Jane Does is a citizen of Kansas. At the times the claims alleged in this complaint arose, was this defendant acting under the color of state law? ■ Yes ☐ No. If your answer is "Yes," briefly explain:

    John and Jane Does are members of the PRP unknown to Plaintiff at this time and other state employees that participated in confining Mr. Ryan for a rule violation. After discovery they can be made known and properly listed.

12) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343; 28 U.S.C. § 1367; and 42 U.S.C. § 1983.

B.  NATURE OF THE CASE

1) Briefly state the background of your case:

This ia an action seeking declaratory relief as to the Constitutionality of the Kansas Sexually Violent Predator Act (KSVPA), 59-29a01, specifically the provisions found in K.S.A. 59-29a08, K.S.A. 59-29a18, and K.S.A. 59-29a19. It requests this tribunal to find these statutes unconstitutional on their face and as applied.

C.  CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:

   A) Count I: Due Process Clause of the Fourteenth Amendment of the United States Constitution.

   B) Count II: Right to Freedom from Restraint under the United States Constitution.

   C) Count III: Equal Protection of the Law under the Fourteenth Amendment of the United States Constitution.

2) Supporting facts for all counts:

   A. On or about the year 1999 Lonnie J. Ryan Jr., was charged and convicted of Indecent Liberties with a Minor and sentenced to 52 months in prison.

   B. On or about the year 2001, Lonnie J. Ryan, Jr. had served his prison term and was eligible for release from prison, but the state moved to commit him under the KSVPA.

   C. On or about the year 2002 the Montgomery County Court found that Lonnie J. Ryan Jr. suffered from the mental abnormality known as Pedophilia and committed him under the KSVPA.

   D. On October 22, 2002 Lonnie J. Ryan, Jr. entered the treatment facility under the KSVPA.

   E. On or about May 18, 2018, Laura Howard with the recommendation of the Progress Review Panel, moved Lonnie J. Ryan Jr., from secure confinement to Reintegration in Larned Kansas.

   F. The move to Reintegration occurred without receiving a court order from the Montgomery County Court.

G. On or about July 2020, the Montgomery County Court, after Laura Howard and the Progress Review Panel agreed, moved Lonnie J. Ryan Jr. to Transitional Release under the KSVPA.

H. The Montgomery County Court found beyond a reasonable doubt that Lonnie J. Ryan Jr.'s mental abnormality or personality disorder reduced or was eliminated to the point that Mr. Ryan was safe to be released.

I. Though there was no danger due to a mental abnormality or personality disorder the Montgomery County Court, Honorable Roger L. Gossard, refused to allow for full discharge based on K.S.A. 59-29a08(b).

J. On or about December 8th, 2021 the Montgomery County Court, Honorable Roger L. Gossard, after Laura Howard and the Progress Review Panel agreed, moved Lonnie J. Ryan Jr. to Conditional Release under the KSVPA.

K. The Montgomery County Court found beyond a reasonable doubt that Lonnie J. Ryan Jr.'s mental abnormality or personality disorder reduced or was eliminated to the point that Mr. Ryan was safe to be released.

L. Though there was no danger due to a mental abnormality or personality disorder the Montgomery County Court refused to allow for full discharge based on K.S.A 59-29a18(b).

M. On April 26th, 2024 Lonnie J. Ryan Jr. was returned to the secure commitment facility for violating a rule.

N. The move to the secure commitment facility occurred prior to any finding of the return of a mental abnormality or personality disorder that made him likely to commit another sexually violent offense.

O. To Mr. Ryan's knowledge, said return was carried out pursuant to K.S.A 59-29a19(b).

P. The move back to secure confinement impugned the character and name of Lonnie J. Ryan Jr. in that:
   1. The sudden and without warning move caused him to be a no call at work, causing his firing and a bad mark on his work history.
   2. Due to the loss of the job/income Mr. Ryan incurred a debt to his credit report.
   3. Due to the loss of job/income Mr. Ryan was forced to default on lines of credit.

Q. The Montgomery County Court held a hearing 35 days after Mr. Ryan was returned to secure confinement.

R. The Honorable Jeffrey Gossard found that Mr. Ryan should be confined for the rule violation.

S. The Honorable Jeffrey Gossard refused to accept of review the lesser restrictive alternatives of Transitional Release, Reintegration, or modified Conditional Release.

T. The Honorable Jeffrey Gossard failed to ensure that Mr. Ryan was allowed a proper adversarial review or effective assistance of counsel.

U. Gary House did not secure an expert witness prior to the hearing to determine if Mr. Ryan if Mr. Ryan was to be confined.

V. K.S.A. 59-29a08(j) allows one to be confined under the KSVPA for a rule violation, rather than due to a mental abnormality or personality disorder that causes the person to be a danger.

W. K.S.A. 59-29a19(e) allows one to be confined under the KSVPA for a rule violation rather than due to a mental abnormality or personality disorder that causes the person to be a danger.

X. K.S.A. 59-29a08(b) denied Mr. Ryan the right to discharge when the Montgomery County Court found beyond a reasonable doubt that the mental abnormality no longer caused him to be a danger on July 2020.

Y. K.S.A. 59-29a18(b) denied Mr. Ryan the right to discharge when Montgomery County Court found, for a second time, beyond a reasonable doubt that the mental abnormality or personality disorder no longer caused him to be a danger on December 8th, 2024.

Z. On May 30th, 2024 the Montgomery County Court held a hearing pursuant to K.S.A. 59-29a19(b),(d). in this hearing the Honorable Jeffrey Gossard, David Davies, and Gary House denied an adversarial testing of the state's evidence, or adversarial process by:

    1. Not presenting or allowing Mr. Ryan an expert witness;

    2. Not presenting or allowing Mr. Ryan an independent examiner;

    3. Not providing the same rights to Mr. Ryan that an individual facing initial commitment would have; and

    4. Ineffective and inadequate assistance of counsel.

D.   PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your confinement? ☐ Yes ■ No. If your answer is "Yes," describe each lawsuit:

I was unable due to the ineffective and inadequate assistance of counsel provided by Gary House. I am not allowed to file documents in my civil commitment case, when I am represented by counsel. Mr. House chose to and continues to choose not to present these issues.

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C ☐ Yes ■ No. If your answer is "Yes," briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

See the answer to number 1. The only remedy I might have would be an appeal, but my ineffective and inadequate legal counsel has denied this method of review for me.

E.   REQUEST FOR RELIEF

1) I, Lonnie J. Ryan Jr., come forward and request that this Court after review of this Complaint find and issue the following relief:

**1.** Declare that confinement for a rule violation rather than a mental abnormality that causes the person to be a danger, makes the KSVPA punitive and therefore impermissible under the Fourteenth Amendment of the U.S. Constitution.

**2.** Declare that all provisions of the KSVPA that deny full discharge at an annual review, hearing for transition, and/or hearing for conditional is impermissible under the Fourteenth Amendment of the U.S. Constitution.

**3.** Declare that Gary House violated Mr. Ryan's right to an adversarial testing process at the hearing to return him from Conditional Release to Confinement.

**4.** Declare that the inadequate and ineffective assistance counsel of Gary House has denied many Due Process procedural protections under the Fourteenth Amendment of the U.S. Constitution.

7

5. Declare that on or about July 2020, when the Montgomery County Court found beyond a reasonable doubt that Mr. Ryan was no longer a danger, it was unconstitutional to continue confinement under the KSVPA.

6. Declare that when a Court finds beyond a reasonable doubt the person no longer presents a danger they are required under the U.S. Constitution to fully discharge the person from under the KSVPA.

7. Declare that in order to re-confine one under the KSVPA once they have been released requires a full hearing with the following protections provided to the individual: (1) Adequate and Effective Legal Counsel; (2) An expert witness (Independent Examiner) on their behalf; (3) Proof beyond a reasonable doubt that the person suffers from a mental abnormality that causes them to be a danger; and any other protection found to be necessary during the pendency of this case. Denial of these protections is a violation of the Fourteenth Amendment of the U.S. Constitution.

8. Order the Defendants to pay the Court any costs expended on this case including but not limited to filing fees, and service fees.

9. Grant any other necessary and prudent relief found necessary to remedy the violations of the United States Constitution.

*/s/ Lonnie J Ryan Jr*
Lonnie J Ryan Jr
1301 K264 HWY
Larned Kansas 67550
Telephone: (620) 285-4660 ext. 4