IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LONNIE J. RYAN, JR.,

    **Plaintiff,**

    v.          CASE NO. 24-3154-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Lonnie J. Ryan, Jr. brings this civil rights action under 42 U.S.C. § 1983. Plaintiff is a civil detainee confined pursuant to the Kansas Sexually Violent Predator Act ("KSVPA") at the Larned State Hospital ("LSH") in Larned, Kansas. He proceeds pro se, and the Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4). This matter is before the Court for initial screening of the Complaint.

**I. Nature of the Matter before the Court**

Plaintiff states that he is "seeking declaratory relief as to the Constitutionality of the Kansas Sexually Violent Predator Act (KSVPA), 59-29a01, specifically the provisions found in K.S.A. 59-29a08, K.S.A. 59-29a18, and K.S.A. 59-29a19." (Doc. 1, at 4.) He challenges the constitutionality of these provisions on their face and as applied. *Id.*

The Complaint provides that Plaintiff was convicted in 1999 of indecent liberties with a minor and sentenced to 52 months. *Id.* He served his prison term and was eligible for release in 2001, but the State filed an action to commit him under the KSVPA. *Id.* Plaintiff was committed in 2002 by the District Court of Montgomery County, Kansas, and entered the treatment facility at LSH on October 22, 2002. *Id.*

On May 18, 2018, Laura Howard, Secretary of the Kansas Department for Aging and Disability Services ("KDADS") and custodian of those confined under the KSVPA, moved Plaintiff from secure confinement to Reintegration. This move was recommended by the Progress Review Panel but occurred without a court order, according to the Complaint. *Id.*

In July of 2020, the Montgomery County District Court ordered Plaintiff moved to Transitional Release under the KSVPA. *Id.* at 5. This occurred after a hearing and with the agreement of Secretary Howard and the Progress Review Panel. *Id.* According to the Complaint, Judge Roger Gossard made a finding that Plaintiff's mental abnormality or personality disorder had diminished to the point that Plaintiff was safe to be released. *Id.* Judge Gossard, however, did not order that Plaintiff be entirely discharged from the Sexually Violent Predators Treatment Program ("SVPTP").

In December of 2021, Plaintiff was moved to Conditional Release under the KSVPA. *Id.* Plaintiff alleges that Judge Gossard again found that Plaintiff's mental abnormality or personality disorder had diminished to the point that Plaintiff was safe to be released. *Id.*

The Complaint states that on April 26, 2024, Plaintiff was returned to the secure commitment facility for violating a rule of the SVPTP. *Id.* His confinement occurred without the state court making any finding that Plaintiff's mental abnormality or personality disorder had returned such that he was likely to commit another sexually violent offense. *Id.* At a hearing held on May 30, 2024, Judge Gossard found Plaintiff should be confined for the rule violation. *Id.* at 6.

Plaintiff asserts that he did not have "a proper adversarial review or effective assistance of counsel" at the May 30 hearing. *Id.* He alleges that he was denied an expert witness, denied an

independent examiner, denied the same rights a person facing initial commitment would have, and denied effective assistance of counsel. *Id*.

The Complaint includes three counts: 1) violation of the Due Process Clause of the Fourteenth Amendment; 2) violation of the right to freedom from restraint under the Constitution; and 3) violation of the Equal Protection clause. *Id*. at 4.

Plaintiff names as defendants:  the State of Kansas; David Davies, Assistant Attorney General for the State of Kansas; Laura Howard, Secretary of KDADS; Dr. Christine Mohr, Clinical Director of the SVPTP; Todd Mantel, Conditional Release Monitor; Seth Osborn, therapist in the KSVPTP; the Progress Review Panel under the KSVPA; Gary House, attorney; Judge Roger Gossard; and John and Jane Doe, unknown members of the Progress Review Panel. *Id*. at 1-3. Plaintiff seeks the following relief: 1) a declaration that confinement for a rule violation rather than a mental abnormality that causes a person to be a danger makes the KSVPA punitive and violates the Fourteenth Amendment; 2) a declaration that the provisions of the KSVPA that deny a person full discharge violate the Fourteenth Amendment; 3) a declaration that House violated his right to an adversarial "testing process" before return to confinement; 4) a declaration that House's ineffective assistance denied Plaintiff due process under the Fourteenth Amendment; 5) a declaration that when the court found that Plaintiff was no longer a danger, it was unconstitutional to continue to confine him under the KSVPA; 6) a declaration that when a court finds a person no longer presents a danger, full discharge from the application of the KSVPA is required under the Constitution; 7)  a declaration that once a person has been released, re-confinement under the KSVPA requires a full hearing with effective counsel, an expert witness, and proof beyond a reasonable doubt that the person is a danger; and 8) his costs expended on this case. *Id*. at 7-8. The Complaint does not include a claim for monetary damages.

## II.  Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4)

Ordinarily, a plaintiff must pay a filing fee of $405.00 to bring a civil action in federal court.  28 U.S.C. § 1914(a).  An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  Section 1915 is meant to ensure indigent litigants meaningful access to federal courts.  *Nietzke v. Williams,* 490 U.S. 319, 324 (1989).

Having considered the statements made by Plaintiff in his motion for leave to proceed *in forma pauperis* and affidavit of financial status (Doc. 5), the Court is satisfied at this juncture that Plaintiff's allegation of poverty is true and that Plaintiff is financially unable to pay any portion of the filing fee.  As a result, Plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## III.  Statutory Screening of Complaints filed by Litigants Proceeding *In Forma Pauperis*

Even though Plaintiff is not a prisoner, the Court may screen complaints brought by any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, to determine their sufficiency.  *See* 28 U.S.C. § 1915(e)(2); *Burch v. Jordan*, No. 07-3236, 2010 WL 5391569, at *3 (D. Kan. Dec. 22, 2010); *Alexander v. Wichita Housing Authority.*, No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

**IV. DISCUSSION**

Several of the named defendants are not proper defendants to a § 1983 action and are therefore dismissed.[1]

The State of Kansas and its agencies are not "persons" that Congress made amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") Consequently, the State of Kansas is dismissed from this lawsuit. The "Progress Review Panel," a state entity, is also dismissed.

In addition, Gary House is dismissed from this action. To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no section 1983 liability exists. *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

The Supreme Court has held that an appointed defense attorney is not a state actor when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County*, 454 U.S. at 325. While proceedings under the KSVPA are not criminal, the Court

---

[1] The dismissal of these defendants upon initial screening does not preclude other defendants from moving for dismissal as the case progresses.

applies the same reasoning to find that an attorney appointed to represent a person classified as a sexually violent predator is not a state actor.

For these reasons, the State of Kansas, the Progress Review Panel, and Gary House are dismissed from this action.

**V. Responsive Pleading Required**

The Court also finds that a responsive pleading is necessary. Because Plaintiff is proceeding *in forma pauperis*, the Clerk of the Court must undertake service of process under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). Plaintiff's Motion for Service by U.S. Marshal (Doc. 8) is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED** that the State of Kansas, the Progress Review Panel, and Gary House are **dismissed** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by Marshal (Doc. 8) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall prepare waivers of service and transmit them to the defendants.

**IT IS SO ORDERED**.

**Dated October 9, 2024, in Kansas City, Kansas.**

>                **S/ John W. Lungstrum**
>                **JOHN W. LUNGSTRUM**
>                **UNITED STATES DISTRICT JUDGE**