## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LONNIE J. RYAN, JR.                              )
                                                 )
                         Plaintiff,              )
        v.                                       )
                                                 )        Case No. 24-3154-DDC-ADM
DAVID DAVIES, et al.,                            )
                                                 )
                         Defendants.             )

## ORDER

On June 24, 2025, the court issued an Order to Show Cause directing plaintiff Lonnie J. Ryan Jr. ("Ryan") to show cause why the court should not recommend that the district judge dismiss Ryan's claims against defendant Seth Osborn ("Osborn") without prejudice for failure to prosecute. (ECF 27.) The court noted that Osborn was served with summons on March 31, 2025, but Osborn has not timely answered or appeared in the case and Ryan has not moved for a clerk's entry of default or taken any other action as to his claims against Osborn. (*Id.*) Ryan filed a Response to Show Cause Order explaining that he had filed a document titled "Notice of Failure" on March 3, 2025, in which he asked the court to enter default judgment against all defendants, including Osborn, for failure to timely answer. (ECF 28.) Ryan asserts that this "Notice of Failure" satisfies Fed. R. Civ. P. 55(a) and (b), so he has "properly requested entry of Default against Mr. Osborn, but is waiting for a decision from the court." (*Id.*)

The court understands that Ryan thought he was prosecuting his case by filing a "Notice of Failure" requesting default judgment. But his "Notice of Failure" does not satisfy Fed. R. Civ. P. 55(a) and (b). Rule 55 mandates a two-step procedure for default judgment. "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk **enter default** on the docket." *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. 1995)

(emphasis added). Only after the clerk **enters default** on the docket may a party then move for **default judgment**. *Id.*; *see also* FED. R. CIV. P. 55(a),(b). Here, Ryan skipped the first step of the procedure and moved straight to step two. (*See* ECF 17 (requesting that the court enter default judgment).)

But even after the clerk enters default on the docket, default judgment is not a matter of right. *Mrs. Condies Salad Co. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012). Among other things, the court must still evaluate whether the unchallenged facts state legitimate grounds for entry of judgment. *Id.* at 1216. Further, default judgment will not be entered unless a moving party establishes that the court has jurisdiction over the defendant and the dispute. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997); *Stafford v. Jankowski*, 338 F. Supp. 2d 1225, 1227 (D. Kan. 2004); *Unum Life Ins. Co. of Am. v. Paisley*, No. 14-2315, 2014 WL 5390243, at *1 (D. Kan. 2014) (stating that "the district court has an affirmative duty to look into its personal and subject matter jurisdiction in order to determine whether it has the power to enter the default judgment"). Beyond these threshold issues, the court has discretion in determining the amount of damages, evaluating the truth of the allegations using evidence, or investigating any other matter. *See* FED. R. CIV. P. 55(b)(2). Typically, it is insufficient to submit conclusory affidavits on the amount of damages or any other relevant issues. *See Hennecke, Inc. v. Advanced Bldg. Composites, LLC*, No. 10–2054, 2010 WL 2464842, at *3 (D. Kan. 2010) ("Although Hennecke attached an affidavit from its General Manager setting forth this number, these damages are not clearly supported by the record.").

In sum, Ryan's "Notice of Failure" does not follow the two-step procedure in Rule 55 and otherwise offers no specifics on why he is entitled to a clerk's entry of default or default judgment against Osborn or to what degree. The court will not recommend at this time that Ryan's claims against Osborn be dismissed for failure to prosecute, but directs Ryan to follow the two-step

2

procedure outlined above, beginning with filing an application for clerk's entry of default against

Osborn by no later than **July 25, 2025**.

    **IT IS SO ORDERED.**

    Dated July 10, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
